# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, | : | |
| BOP ID 96396-004, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:18-CV-1854-AT-CMS |
| J.A. KELLER, et al., | : | |
|    Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Since entering the federal penal system in 2011, Manetirony Clervrain has been a prolific litigant, pursuing approximately thirty (i) cases in federal district courts in the District of Columbia, Southern District of Florida, Southern District of Georgia, District of Kansas, Eastern District of Pennsylvania, Western District of Pennsylvania, Eastern District of Texas, and Western District of Texas, and (ii) appeals in federal circuit courts for the Fifth, Tenth, and Eleventh Circuits.  *See* www.pacer.gov (last viewed May 2, 2018; searched for "Clervrain, Manetirony").

At present, Clervrain is incarcerated in the Moshannon Valley Correctional Institution ("CI Moshannon Valley") in Philipsburg, Pennsylvania.  *See* [1].

Clervrain initiated this case, his first in the Northern District of Georgia, by filing a *pro se* "Motion Regarding for Non-Privilege Matters Pursuant to Fed. R. Civ. P. 26(a)(b)." *See* [1]. The first paragraph of that "motion" states:

> Comes Now, the plaintiff **Manetirony Clervrain**, "Pro-SE" moves this honorable court pursuant to the Federal Rules of Civil Procedure, 26, for the issuance of a violation ordinance under the Federal Civil Right Act, ("FCRA"); 42 U.S.C. § 1983, against the above defendants who are: **J.A. Keller. Mitchell**, et al, who is the Director of the Southeast Regional Office ("SRO"), or The Southeast Apartness Negligence ("SAN"), Atlanta, Giorgia, among others, the defendants anticipating in the apartheid operation with the ("PMB"), or The Secrecy Operation Management ("SOM") while the plaintiff was in their custody, he had suffered injuries, or the various violation for the constitutions, as well as for violations of the various criminal misconducts against the United States of the claims challenging to mitigate the power of prison official in which they are not above the laws, or in violation of the federal policies and the constitutions.

[1] at 1 (emphasis, capitalization, spelling, and grammar unaltered).

Clervrain avers that "the purpose of this motion is to prepare for the courts procedures while being retaliate by the ("BOP"), and its partners for the allegation of their 'criminal enterprise', and to abolish apartheid in each region in the United States," and that "this case is so complex that it is

required to investigate on his part as well as to inquired about the several agencies for intervention in that particular region." *Id.* at 1-2 (unaltered).

Clervrain thus seeks to take discovery from:

> **1).** United States Marshals Services ("USMS"); 2) Immigration custom Enforcement ("ICE");3) Office of Immigration Counsels ("OIC"): 4). Department of Education ("DOE"); 5). Human Health Services Divisions ("HHS"); 6) Executive Office for Immigration Review ("EOIR") ("RSD"); 7). Correction Program ("CPB"); 8). and any other agencies that might be involved in such practice

*Id.* at 2 (unaltered).

Clervrain asserts that his claims cover:

> a). The State of Cali Giorgia ("GA") b). State of Mississippi ("MS") c). State of Alabama ("AL") d). States of North-Carolina ("NC"); e). State of Florida ("FL") f).State of Puerto-Rico ("PR").

*Id.* (unaltered).  Clervrain therefore also seeks to take discovery from:

> 1). The State Governors ("SG"); 2). Secretary of the States ("SOS"); 3). Human Rights State Commissioners ("HRSC"), and because the apartheid is formed between the ("BOP"), And the Private prisons, then the plaintiff required to have all management information for all ("BOP") institutions and Private not to Exclude all partners, Sub-contractors and all vendors that doing business with all the ("BOP") and Private institutions, as well as all the States Department of Correctional ("DOC") of each states in this motion.

*Id.* at 2-3 (unaltered).

Clervrain also "alleges that he required to have all management information for all the following agencies in this particular region or for the states that might intervene in such important allegations," and lists:

> 1) Federal Bureau of Investigation ("FBI"); 2) Assistant United States Attorney ("AUSA") 3) Special Investigation Agent ("SIA"); 4) Office of Internal Affairs ("OIA") 5) Office of Personnel Management ("OPM"); 6) Office of Inspector General ("OIG"); 7) Office of Post Master General ("OPMG") 8) Office of the Mail Inspectors ("OMI"); United States Probation Office ("USPO")

*Id.* at 3 (unaltered).

And, in addition to seeking this wide-ranging discovery, Clervrain demands "emergency relief in the form of preliminary injunctions." *Id.* at 4. In support of that demand, Clervrain states that "he is an activist dedicated . . . to abolish apartheid against tax payers who has been abused for years by the ("BOP") by a wrongful acquisition practice." *Id.* at 5.

Entirely absent from the Clervrain's "motion," however, are any factual allegations stating when, where, or how the named defendants, "J.A. Keller" and "Mitchell," personally participated in the alleged "apartheid operation" or, for that matter, any other specific violations of Clervrain's federal civil rights.

4

Rather, to the extent that Clervrain raises any claims that might liberally be construed as asserting specific violations of his federal civil rights, those claims relate to events alleged to have taken place in Natchez, Mississippi, *id.* at 4 (alleging missing legal papers), and Philipsburg, Pennsylvania, *id.* at 4-5 (alleging missing legal papers, unconstitutional mail policies, an inadequate law library, and denial of access to courts), both of which are located outside the Northern District of Georgia.

Furthermore, to the extent that Clervrain states he "suffered the Apartheid, and the light of the apartheid was in MacCrae Correctional Facility("MCF"), D.R. James Correctional Facility ("DRJCF"), Adams County Correction center ("ACCC"), Reeves county Detention center ("RCDC") and Moshanon Valley Correctional Center ("MVCC"), *id.* at 7 (unaltered), all of these facilities lie outside the Northern District of Georgia, *see* https://www.bop.gov/locations/list.jsp (last viewed May 2, 2018); *see also* 28 U.S.C. § 90(a).

Nor has Clervrain identified any other basis on which venue over his "motion" and claims belongs in this Court. *See generally* 28 U.S.C. § 1391(b).

I therefore conclude that Clervrain has raised no claim(s) against Keller or Mitchell upon which he would be entitled to relief in this Court, and I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915A.

I **DENY AS MOOT** Clervrain's "Motion Regarding for Marshal Effective Service Pursuant to Fed. R. Civ. P. 4(m)." *See* [3].

I **GRANT** Clervrain's request for permission to proceed *in forma pauperis*. *See* [2].

I **DIRECT** the Clerk to send a copy of this Order to the Warden of CI Moshannon Valley, highlighting the fee payment provisions of this page.

I **DIRECT** the Warden, or the Warden's designee, to remit to the Court "monthly payments of 20 percent of the preceding month's income credited to . . . [Clervrain's] account . . . each time the amount in the account exceeds $10 until the filing fee[]" is paid in full. 28 U.S.C. § 1915(b)(2).

And I **DIRECT** the Clerk to notify the Warden once the entire $350 filing fee has been received.

Finally, I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 4th day of May, 2018.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE