IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANETIRONY CLERVRAIN,  :
                       :
                       :
      Plaintiff,       :
                       :
v.                     :
                       :
J.A. KELLER, et al.,   :        CIVIL ACTION NO.
                       :        1:18-CV-1854-AT
                       :
      Defendants.      :

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 4] recommending that this case be dismissed without prejudice. Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

On May 17, within the time allowed to file objections to the R&R, Plaintiff filed a "'Motion for Objection and Recommendation' Or, Extention for Good Caused [*sic*]." ("Motion", Doc. 6.) Plaintiff's motion is unclear and in part nonsensical. In addition to seeking an extension of time, Plaintiff's motion apparently responds to the R&R and restates portions of the Complaint. (*See*

Motion, Doc. 6 at 2; Complaint, Doc. 1 at 1-2.) Rather than grant Plaintiff's motion, the Court construes the motion as timely-filed objections to the R&R and reviews the R&R de novo.

The Court has reviewed the R&R de novo in its entirety and finds the R&R correct and Plaintiff's objections without merit. In the Complaint, Plaintiff seeks an

> issuance of a violation ordinance under the Federal Civil Rights Act, ("FCRA"); 42 U.S.C. § 1983, against the above defendants who are: **J.A. Keller. Mitchell**, et al, who is the Director of the Southeast Regional Office ("SRO"), or The Southeast Apartness Negligence ("SAN"), Atlanta, Giorgia, among others, the defendants anticipating in the apartheid operation with the ("PMB"), or The Secrecy Operation Management ("SOM") while the plaintiff was in their custody, he had suffered injuries, or the various violation for the constitutions, as well as for violations of the various criminal misconducts against the United States of the claims challenging to mitigate the power of prison official in which they are not above the laws, or in violation of the federal policies and the constitutions.

(Complaint, Doc. 1 at 1) (emphasis, capitalization, spelling, and grammar in original.) Plaintiff further states that

> the purpose of this motion is to prepare for courts procedures while being retaliate by the ("BOP"), and its partners for the allegations of their 'criminal enterprise', and to abolish apartheid in each region in the United States.

(*Id.*) (emphasis, capitalization, spelling, and grammar in original.) As pointed out by the Magistrate Judge, "Manetirony Clervain has been a prolific litigant, pursuing approximately thirty . . . cases" in federal district and appeals courts across the country. (R&R at 1.)

In the R&R, the Magistrate Judge concluded that "Clervrain has raised no claim(s) against Keller or Mitchell upon which he would be entitled to relief in this Court . . . ." (R&R at 6.)  This is because (1) Plaintiff failed to provide any specific factual allegations relating to the named defendants' involvement in the alleged "apartheid"; and also because (2) Plaintiff's allegations all pertain to locations outside this venue.  (R&R at 4-6.)

In his response to the R&R, Plaintiff notes: "It is clear and settled that Georgia is listed as one of the state that part of the allegation of Apartheid which, gives the court absolute jurisdiction in this matter of this case . . . ."  However, this conclusory statement does not show that the Magistrate Judge erred.  As the Magistrate Judge stated, "to the extent that Clervrain raises any claims that might liberally be construed as asserting specific violations of his federal civil rights, those claims relate to events alleged to have taken place . . . outside the Northern District of Georgia." (R&R at 5.)  Further, Plaintiff's lack of allegations involving this district was only one of the two deficiencies noted by the Magistrate Judge.  Even if Plaintiff's allegations concerned this district, his allegations as to the two named defendants are still too nonspecific and nonsensical to entitle him to relief.

In short, and as the Magistrate Judge correctly found, Plaintiff's Complaint raises no colorable claims against either Defendant that would entitle him to relief.  Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and

Recommendation as the opinion of this Court. For the reasons stated in the Magistrate Judge's Report and Recommendation, this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to handle this matter consistent with the instructions of the Magistrate Judge on page six (6) of the Report and Recommendation.

**IT IS SO ORDERED** this 4th day of June, 2018.

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**